BERIAH MAGOFFIN, adm'r, &c., *vs.* H. D. MANDAVILLE et al.

Notice given through a newspaper to Branch M. is not notice to Beriah M.; and a *pro confesso* judgment taken upon such a notice is not legal. *Held,* that the statute must be strictly pursued in this respect, and notice must be given to the party by the name and character in which he is sued.

IN error from the southern district chancery court at Natchez; Hon. James M. Smiley, vice-chancellor.

This was a bill filed in the district chancery court at Natchez, and the bill shows that the Planters Bank recovered a judgment on the 30th of October, 1840, in the circuit court of Wilkinson county, against Thomas Lyne and James B. Richardson, on a promissory note. An execution was issued on said judgment on the 20th of November, 1840, and a forthcoming bond was given by James B. Richardson, with Francis R. Richardson as security, which was forfeited on the 12th April, 1841; and thereby had the force and effect of a judgment. An execution was issued on the judgment upon the bond, which was levied on the 25th of September, 1841, upon certain land. The plaintiff recovered on the judgment $1,157.64, on the 20th of September, 1841, and then transferred the balance of the debt by deed to complainants in 1843; and the dissolution of the

Planters Bank took place in 1845. The amended bill states that Francis R. Richardson died before the original bill was filed, and that Beriah Magoffin, of Wilkinson county, had been appointed administrator of his estate, and the bill made said administrator a defendant to the same.

A. Montgomery made affidavit that Branch Magoffin, one of the defendants, was a non-resident of the State. The order of publication recites that the defendant, Branch Magoffin, is not a citizen of the State. This order was published, warning Branch Magoffin to appear, answer, &c.; but he failed to appear as required, and *pro confesso* was taken against him, upon the proof of publication in these words: " Upon filing proof of publication of notice of the order requiring the defendant, Branch Magoffin, administrator, &c., of said F. R. Richardson, to appear, &c., and he having failed, &c." A *pro confesso* was taken against James B. Richardson on service of process.

A decree was rendered for the complainants for the amount of the balance of the judgment at law, and the cost of suit. Magoffin prayed a writ of error to this court.

The appellant assigns the following errors: —

1. That Burah or Beriah Magoffin, administrator, &c., of F. R. Richardson, deceased, is made defendant by the supplemental bill.

2. That the affidavit of non-residence describes this party as Branch Magoffin, omitting his fiduciary character as administrator.

3. That the order of publication as published, describes him as Branch Magoffin, and is not addressed to him as administrator, &c., and therefore there was no constructive notice to Burah or Beriah Magoffin, as administrator, &c.

4. That the proceedings not being *in rem*, and the decree being one for money to be made by execution as at law, the chancery court had no jurisdiction to warn in the absent defendant, Beriah Magoffin, administrator, by publication; that such publication not being warranted by law, the decree against Magoffin, administrator, was rendered without notice, and is null and void.

5. That said decree being an entire thing, if null as to Magoffin, administrator, is also void as to James B. Richardson.

*H. F. Simrall,* for appellant.

Non-residence does not give the chancery court jurisdiction, without service of process or jurisdiction *in rem.* The same rule was laid down in Kentucky under statutes similar to ours, in *Maude* v. *Rhodes,* 4 Dana, R. 144.

In the subsequent case of *McGenby* v. *Brooks,* 1 B. Monroe, 129, it is emphatically declared, that non-residence alone does not confer jurisdiction; there must be also specific proceedings against a " subject-matter."

In *Riggs, use of, &c.,* v. *Dyche,* 2 S. & M. 614, this court held this language: " For the purpose of giving courts of chancery jurisdiction over foreign defendants, publication is resorted to, and this is considered constructive notice for the purpose of enabling the court to proceed to a decree, but such decree operates *in rem* exclusively."

To obviate these plain principles and authorities, the learned counsel for defendants in error may urge that his bill was in the nature of a proceeding *in rem,* because it is averred in the bill that execution upon the judgment at law was levied (12 June, 1841) on certain lands, as will appear by the sheriff's return on the execution exhibited, and that the prayer of the bill, among other things, is for a sale of these lands.

By a reference to the return of the sheriff, to be found on the sixth page record, near the bottom of the page, it will be seen that the sheriff reports these lands " levied on as the property of James B. Richardson."

Conceding now, in this aspect of the case, for the argument, that this does, to the extent of the relief prayed in reference to the lands levied on, make the proceeding one *in rem,* to what sort of a decree would the complainants have been entitled? Surely to nothing more than a decree operating *in rem,* a decree for a sale of these lands, or so much thereof as would satisfy the debt, and not in addition thereto, to a decree against Magoffin *de bonis* of his intestate, for the deficit, if there should be a deficit, after a sale of the lands.

But the case made by the bill would not be a case *in rem* as to Magoffin, administrator, because the execution made an exhibit to the bill shows that the lands belonged to James B. Richardson, and were levied on as his property. Francis R. Richardson, then, had no interest in them in his lifetime, and, of course, upon his death, none was transmitted. But even if Francis R. had an interest in these lands, that interest is now in his heirs, and his administrator has nothing to do with them, and cannot intermeddle with them; and the heirs of Francis R. are no parties to the suit, and a decree rendered to sell them, would, in the absence of the heirs from the suit, have been a nullity.

The learned counsel for the defendants in error, seeing the utter absurdity of pursuing the lands, abandoned in the court below that branch of his case, and took a personal decree for money against both defendants.

But it may also be urged, that the complainants had no relief at law, and were obliged to go into chancery to collect this debt. That is also admitted. But they must bring into chancery the necessary defendants. I may have a debtor who owes me a thousand dollars by note; he is non-resident; does that justify me in getting a decree against him by chancery, by publication, or at law, either, unless I can first seize by process some of his effects? Then I may publish, and then my decree will operate, not against him personally, but only to sell the effects, and realize my debt out of them, in whole or in part, as it may be.

If this decree is a nullity as to Magoffin, administrator, it is also void as to James B. Richardson. " The decree or judgment is an entire thing, and where it is void for want of service as to one defendant, it is void as to all." *Rangley* v. *Webster,* 11 N. H. R. 299; *Trousdale* v. *Donnell,* 4 Ib. 273; 5 Wend. 161; 12 Johns. 434.

I think, therefore, that one of two propositions must have been established:—

First. That if the foreign defendant could be warned in this suit at all, that it has not been done in this case, so as to give him notice of the pendency of this suit.

Second. That this is not that class of cases which admits of publication at all.

Third. That notice to Branch Magoffin is not legal notice to Beriah Magoffin, the real defendant in this case.

*Boyd* and *Davis*, for appellees.

The principles of pleading are clear, that if there be any misdescription of name, either surname or Christian, or any variance between the declaration and writ, in the character or description of the party sued, it is matter only of abatement. And if the plaint style the defendant as administrator or executor, and the writ issues against him individually, or *vice versâ*, this variance is, equally, only ground of abatement.

And it is also well settled that if a defendant, relying upon a misdescription of name, and pleading in abatement for the same, admits his identity with the actual defendant, by averring, " and the said defendant, &c." this cures the defect, and overrules his plea.

Now, in this instance, the appellant admits his identity with " Branch Magoffin, &c." by acknowledging in his application for writ of error, and also in the subsequent proceedings, that he is the "said defendant," &c. This, therefore, upon analogous principles, settles the objections.

Having thus disposed (or endeavored so to do) of the formal matters at issue, let us examine the second assignment of error by appellant. If the court below, for the reason alleged, had no jurisdiction of the plaintiff in error, then clearly the decree against him was of no effect. But if this were so, the present proceeding cannot be sustained; the decree below being simply and purely void, has no legal existence, is not susceptible of revision, and no writ of error lies to reverse it.

But we contend that the decree is valid and binding, and as effectual to all intents and purposes as if rendered upon service of personal process.

We do not understand any objection to be made to the mode or time of publication, provided the publication itself was authorized by law. As to this, however, we refer to the act, 1848, p. 148, sec. 3.

The proceeding below was not, as argued by counsel for appellant, a chancery action of debt upon the original judgment. It was a chancery proceeding in the nature of a *scire facias* to revive the judgment in the name of complainants, who were not originally parties to it. Had the Planters Bank lived, there would have been no occasion for such revival. The complainants, then, as assignees or beneficiaries of the debt, could have used the name of the bank for their use. But the bank being dissolved by the *quo warranto*, there was no remedy save in chancery; and, to give effect to this remedy, it must be liberally extended and construed. *Bacon* v. *Cohea*, 12 S. & M. 516.

The act, 1848, p. 148, sec. 3, embraces "all absent defendants," who are necessary and proper parties. The appellant was an absent defendant, and a necessary and proper party. Without being before the court, either actually or constructively, the judgment could not be revived against him. Being a non-resident, personal service could not be had, and the only alternative was, notice by publications. If this kind or mode of remedy were not allowed, the complainants would have none at all. A right, without any means of enforcing it, is a delusion. It would "keep the promise to the ear, but break it to the hope." This court assuredly meant something more substantial, in *Bacon* v. *Cohea*.

Had the original plaintiff (the Planters Bank) been still living, and the *scire facias* been at law, what would have been the mode of proceeding? Does the plaintiff in error pretend that his non-residence would have afforded him exemption or immunity? That not being personally served, he could not be served or notified in law at all? His counsel does not claim so in so many words, but this seems to be the necessary result of his line of argument. But our law makes ample provision for such a case. In Hutch. Code, 841, sec. 43, it is among other things enacted, that, "on writs of *scire facias* for the renewal of judgments, no judgment shall be rendered upon the return of two *nihils*, unless the defendant resides in the county, or unless he be absent from the State and hath no known attorney therein."

The decree might be null as to the appellant, and still valid

Magoffin *v.* Mandaville et al.

as to the other defendant. The original judgment was upon a note, which was joint and several; the statutory judgment was upon a forthcoming bond forfeited, which was also joint and several. The judgment itself, partaking of the claim upon which it was predicated, was also joint and several. Hence the judgment was divisible as well as its foundation, and might be against one or more defendants, and not against all, and yet be unimpaired. It is only in cases of bonds or other obligations, which are strictly joint, as at common law, where no words of severalty are employed, that a discharge of one is a release of all. But our statute makes them all joint and several, whether so expressed or not, and judgments upon them must partake of the same character. *Violett* v. *Dale*, 1 Bibb, 144. If this were not so, then a judgment that could not for any reason be revived against all the defendants to it, could not be revived at all, which is manifestly unreasonable and absurd.

We, therefore, respectfully insist that the decree below shall be affirmed.

Mr. Justice FISHER delivered the opinion of the court.

The appellant was made a defendant to the proceedings in the court below, by an amended bill describing him as Beriah Magoffin, administrator of Francis Richardson, deceased. The notice which was published for him to appear and answer the bill, describes him as Branch Magoffin. Upon proof of the publication of this notice, a *pro confesso* was entered, and a final decree made against the appellant.

The question for decision is, whether the notice as published was sufficient. We are clearly of opinion that it was not. Beriah Magoffin may have taken the paper in which the notice was published. May have read the notice, and still not have been informed that he was the party required to appear at a particular term of the court, to answer the complainant's bill. The statute must be strictly construed, and notice given to the party by the name and character in which he is sued. Notice to Branch Magoffin, was no notice to Beriah Magoffin.

Decree reversed, *pro confesso* set aside, and cause remanded.